IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SCOTT K. GINSBURG,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| **v.** | § | Civil Action No. **3:13-CV-952-L** |
| | § | |
| **GEORGETOWN UNIVERSITY,** | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Defendant Georgetown University's Motion to Transfer (Doc. 9), filed April 9, 2013.  The motion to transfer was referred to Magistrate Judge Renee Harris Toliver, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on August 8, 2013, recommending that Defendant Georgetown University's Motion to Transfer (Doc. 9) be granted.   On August 22, 2013, Plaintiff filed objections to the Report, contending that the magistrate judge did not give proper deference or weight to his choice of forum, and that the factors under 28 U.S.C. § 1404(a) considered by the magistrate judge should not trump his choice of forum.

A motion to transfer venue is nondispositive in nature. The court therefore applies a "clearly erroneous" standard to the magistrate judge's factual conclusions, a "contrary to law" standard to the her legal conclusions, and an "abuse of discretion" standard to the "numerous instances in which magistrate judges exercise discretion in resolving nondispositive matters." *Lahr v. Fulbright & Jaworski, LLP,* 164 F.R.D. 204, 208 (N.D. Tex. 1996). The court "has wide discretion to determine whether to transfer for the convenience of parties and in the interest of justice." *Weber v. Coney*, 642

F.2d 91, 93 (5th Cir. 1981). "An abuse of discretion exists only when there is definite and firm conviction that the [magistrate judge] committed clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1293 (5th Cir.1994)).

Even taking into consideration Plaintiff's choice of forum, the court concludes that Defendant has met its burden, and that the magistrate judge's determination that this case should be transferred to the United States District Court for the District of Columbia is correct.  While a plaintiff's choice of forum is important, it is not determinative. *See In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) (explaining the plaintiff's choice of forum is to be considered in deciding a motion to transfer under Section 1404(a) but noting that "the statute requires only that the transfer be '[f]or the convenience of the parties, in the interest of justice.'") (citation omitted). In the objections, Plaintiff overstates the importance of his choice of forum. Notwithstanding the objections, the court is convinced that Defendant has met its burden and shown that the "transferee venue is clearly more convenient."  *Id.*

Accordingly, after reviewing the motion, the parties' briefs and evidence, file, applicable law, record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions of the magistrate judge are correct and **accepts** them as those of the court. The court therefore **overrules** Plaintiff's objections and **grants** Defendant Georgetown University's Motion to Transfer (Doc. 9).  Pursuant to 28 U.S .C. § 1404(a), for the convenience of the parties and witnesses, and in the interest of justice, the court hereby **transfers** this action to the United States District Court for the District of Columbia. The clerk of the court shall effect the transfer in accordance with the usual procedure.

**Memorandum Opinion and Order –Page 2**

**It is so ordered** this 26th day of August, 2013.

Sam A. Lindsay
United States District Judge